IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHEAL SALMON,

                **Plaintiff,**

v.                                               CASE NO. 25-3268-JWL

CRYCELLA FREITAG, et al.,

                **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Micheal Salmon, a state prisoner currently incarcerated at the Franklin County Detention Facility in Ottawa, Kansas, filed this civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff proceeds pro se and has filed a motion for leave to proceed in forma pauperis. (Doc. 2.) Plaintiff failed to provide the account statement required to support his motion for leave to proceed in forma pauperis and the Court has granted him until January 12, 2026 in which to provide the statement. (Doc. 3.) Plaintiff remains obligated to comply with this requirement and, if he fails to do so, this action may be dismissed without prejudice and without further prior notice.

In the interest of efficiency, the Court has reviewed the complaint and has identified deficiencies, set forth below, which leave it subject to dismissal in its entirety. The Court will grant Plaintiff time to show cause, in writing, why this matter should not be dismissed.

**I.    Nature of the Matter before the Court**

Plaintiff names Crycella Freitag and Edward Freitag as the defendants in this matter. (Doc. 1, p. 1-2.) (Doc. 1, p. 1.) As the factual background for the complaint, Plaintiff alleges Ms. Freitag, with whom Plaintiff has a child, has submitted falsified evidence during state child custody proceedings, she has committed perjury, she has colluded with others to create a false narrative,

1

and she has committed contract fraud. *Id.* at 2. Counts I and II bring claims of perjury based on allegations that Ms. Freitag submitted false evidence, refused to comply with a court order to provide unedited video footage, and created a false narrative of eviction, lying in order to obtain an order of protection to keep Plaintiff from his child. *Id.* at 3, 6-7.

Count III alleges contract fraud. *Id.* at 4, 7. As supporting facts for Count III, Plaintiff asserts that Ms. Freitag signed three contracts obligating her to pay a certain percentage of rent and expenditures for her company but she has not paid and she has lied in court. *Id.* As relief in this case, Plaintiff seeks $90,000.00; an order for a mental examination of Ms. Freitag, Ms. Freitag's incarceration, the dismissal and/or expungement of all charges against Plaintiff, and an order vacating the order of protection Ms. Freitag obtained against Plaintiff. *Id.* at 5.

## II.   Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes a pro se complaint such as this one and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

2

committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

### III.   Discussion

This matter is subject to dismissal in its entirety for several reasons. First, even liberally construing the pro se complaint and taking all factual allegations therein as true, it does not allege that either Defendant acted under color of state law. *See West*, 487 U.S. at 48-49 (stating "jurisdictional requisite" that a plausible claim for relief under § 1983 "must show that the alleged (constitutional) deprivation was committed by a person acting under color of state law"). A defendant acts "under color of state law" when he or she "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state

3

law.'" *West*, 487 U.S. at 49 (citations omitted). Merely private conduct of the type alleged in the complaint in this matter does not satisfy the "under color of state law" element and therefore no § 1983 liability exists. *See Brentwood Academy v. Tenn. Secondary Athletic Ass'n*, 531 U.S. 288, 294-96 (2001). Additionally, the complaint in this matter concedes that neither named Defendant acted under color of state law. (Doc. 1, p. 1-2.) Therefore, Plaintiff cannot state a plausible claim for relief against either Defendant under 42 U.S.C. § 1983.

Second, the complaint does not identify a federal right allegedly violated by either named defendant. "Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights privileges, or immunities secured by the Constitution and laws.'" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." *Id.* (emphasis in original) (citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989)). The Tenth Circuit has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, *what specific legal right the plaintiff believes the defendant violated*." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). Even liberally construing the pro se complaint, it does not identify a federal right that either Defendant allegedly violated.

Third, Defendant Edward Freitag is subject to dismissal because the complaint does not sufficiently allege his personal participation in the underlying events. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). None of the facts alleged

in the complaint involve Mr. Freitag. (Doc. 1.)

Fourth, as previously explained to Plaintiff,

> To the extent that [he] intends to bring claims that assert Ms. Freitag violated criminal laws and to seek the investigation and prosecution of Ms. Freitag, such allegations generally do not state a claim on which relief may be granted. As the Court has previously explained to [him], "this Court lacks the authority to order a criminal investigation." *See Salmon v. Braun*, Case No. 25-3148-JWL, 2025 WL 2402259, *3 (D. Kan. Aug. 19, 2025) (unpublished). Similarly, this Court cannot order the criminal prosecution of Ms. Freitag; "such an order would improperly intrude upon the separation of powers." *See Presley v. Presley*, 102 Fed. Appx. 636, 636 (10th Cir. 2004) (unpublished).

*Salmon v. Freitag*, 2025 WL 3282327, *`1 (D. Kan. Nov. 25, 2025) (unpublished). The complaint in this matter seeks the incarceration of Ms. Freitag and alleges that she committed perjury, which is a criminal offense. As explained in the language quoted above, this Court lacks the authority to order the criminal prosecution or incarceration of Ms. Freitag based upon the claims made in a civil action brought in this Court.

Fifth, Plaintiff's requests for the dismissal and/or expungement of state criminal charges against him seeks relief not available in an action brought under 42 U.S.C. § 1983. A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release from detention. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). Moreover, expungement of Kansas arrest records is governed by K.S.A. 22-2410, which places expungement decisions within the purview of the state district courts. Federal injunctive orders generally bind only types of individuals and the Kansas state court system does not fall within those parameters. See Fed. R. Civ. P. 65(d)(2).

## IV. Conclusion

As explained above, it appears that this action is subject to dismissal in its entirety. Even

liberally construed, the complaint does not assert that either Defendant violated Plaintiff's federal rights. It does not assert that either Defendant was acting under color of state law. It does not contain any factual allegations involving Defendant Edward Freitag. And it seeks, in part, relief that is not available in a civil rights action brought under 42 U.S.C. § 1983. Thus, the complaint fails to state a plausible claim for relief against a named Defendant. Plaintiff will be granted time in which to show cause, in writing, why this matter should not be dismissed for failure to state a claim on which relief could be granted.

Plaintiff may submit only one response to this order. *See Salmon v. Braun*, 2025 WL 2609992, *2 (D. Kan. Sept. 9, 2025) (unpublished) (rejecting argument that Plaintiff should be allowed to file multiple written responses to a show-cause order, so long as he submitted them all by the due date for a response). If Plaintiff fails to timely respond to this order, this matter will be dismissed for the reasons stated in this order without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **January 13, 2026**, in which to show cause, in a single written document submitted to this Court, why this matter should not be dismissed for failure to state a claim on which relief could be granted.

**IT IS SO ORDERED.**

DATED: This 12th day of December, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge