IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHEAL SALMON,

                Plaintiff,

v.                                                         CASE NO. 25-3268-JWL

CRYCELLA FREITAG, et al.,

                Defendants.

**MEMORANDUM AND ORDER**

On December 11, 2025, Plaintiff Micheal Salmon filed this pro se civil action pursuant to 42 U.S.C. § 1983 and named as Defendants Crycella Freitag, with whom Plaintiff had a child, and Edward Freitag, Crycella's father. (Doc. 1, p. 2.) At the time, Plaintiff was incarcerated at the Franklin County Detention Facility in Ottawa, Kansas. (*See* Doc. 4, p. 1.) Plaintiff was granted leave to proceed in forma pauperis. (Doc. 6.) On December 12, 2025, the Court issued a memorandum and order to show cause ("MOSC") explaining that the statutorily required initial screening of the complaint revealed that it is subject to dismissal in its entirety because it fails to state a plausible claim for relief under § 1983. (Doc. 4.)

The MOSC first explained that there was no indication in the complaint that either named Defendant acted under color of state law, which is an element of a § 1983 claim. *Id.* at 3-4. Second, the complaint failed to identify a federal right allegedly violated by either Defendant, another element of a § 1983 claim. *Id.* at 4. Third, the complaint failed to allege Defendant Edward Freitag's personal participation in the underlying events, as required for a plausible § 1983 claim against him. *Id.* Fourth, as Plaintiff was previously informed in another case in this Court, the criminal prosecution or incarceration of Defendant Crycella Freitag is not relief available under §

1

1983. *Id.* at 5. Fifth, Plaintiff's request for the dismissal and/or expungement of state criminal charges cannot be granted in a § 1983 action. *Id.* The Court granted Plaintiff time in which to show cause, in a single written response, why this matter should not be dismissed. *Id.* at 6.

The deadline for Plaintiff's response has now expired. Rather than file a written response, Plaintiff has filed an amended complaint. (Doc. 8.) In the amended complaint, Plaintiff names the same two Defendants. *Id.* at 1. He asserts that they acted under color of state law because they were "willful participant[s] in joint activity with the State," which he attempts to demonstrate by alleging that Defendant Edward Freitag knowingly gave police "a false or invalid court order, representing that Plaintiff was legally barred from seeing his child," when no such valid order existed. *Id.* at 2-3. Plaintiff further alleges that law enforcement "relied upon Defendant Edward Freitag's representations and exercised state authority to prevent Plaintiff from seeing his child," in what Plaintiff refers to as a "police-enforced separation" that "was used to legitimize later court filings." *Id.* Plaintiff also asserts that Defendant Crycella Freitag then used this "manufactured narrative of harassment to obtain a protective order." *Id.* at 3. Because Defendants knowingly provided false information and induced state action based on that information, Plaintiff argues, they acted under color of state law. *Id.*

The Court is unconvinced. Plaintiff is correct that "a private party acts under color of state law if that party is a 'willful participant in joint action with the State of its agents." *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1157 (10th Cir. 2016). But the Tenth Circuit has further explained:

> To apply the joint action test, "courts examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." [*Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir. 1995).] There are at least two ways to establish concerted action. *Id.* at 1454; *see also Yanaki v. Iomed, Inc.,* 415 F.3d 1204, 1212 (10th Cir.2005) (Holloway, J., dissenting). Under the "conspiracy approach," the "public and private actors [must]

2

> share a common, unconstitutional goal." *Gallagher,* 49 F.3d at 1454 (internal quotation marks omitted). Alternatively, concerted action may be found where "there is a substantial degree of cooperative action between state and private officials" or if there is "overt and significant state participation" in the deprivation of a plaintiff's constitutional rights. *Id.* (internal quotation marks omitted).
>
> Applying those approaches, we have consistently held that furnishing information to law enforcement officers, without more, does not constitute joint action under color of state law. *See, e.g., Benavidez v. Gunnell,* 722 F.2d 615, 616, 618 (10th Cir.1983) (finding no joint action between foster parents who reported their foster children's kidnapping to the police, and the officers who subsequently searched and arrested the alleged kidnappers, because "[t]he mere furnishing of information to police officers does not constitute joint action under color of state law"). Rather, joint action arises only when an officer's decision to initiate an arrest or a prosecution was not independent of a private party's influence. *Gallagher,* 49 F.3d at 1454 (citing *Carey v. Cont'l Airlines, Inc.,* 823 F.2d 1402, 1404 (10th Cir.1987) (finding that an airport manager's complaint that a pilot on strike was trespassing did not constitute joint action with the police, absent evidence that the responding officer's decision to arrest the pilot after he refused to leave the airport was the result of a "conspiracy, prearranged plan, customary procedure, or policy that substituted the judgment of a private party for that of the police or allowed a private party to exercise state power") and *Lee v. Town of Estes Park, Colo.,* 820 F.2d 1112, 1115 (10th Cir.1987) (holding that a property owner who mistook flood victims for looters, made a "citizen's arrest," and then asked the police to charge them with trespassing did not engage in joint action with the police, who ultimately booked the plaintiff for a lesser offense, because "[the officer] made the decision as to whether [the plaintiff] should be charged with any offense," and "[t]here is no suggestion in the record ... that [the officer and plaintiff] were somehow acting as a team")).

*Schaffer*, 814 F.3d at 1157-58.

Even taking as true Plaintiff's allegations that Defendant Edward Freitag knowingly presented police with an invalid court order and that Defendant Crycella Freitag later used the ensuing events to obtain an order of protection, Plaintiff has not pled facts that support a plausible argument that either Defendant shared a common unconstitutional goal with police or acted as a team with police. Thus, Plaintiff has not plausibly alleged that either Defendant acted under color of state law. *See id.* at 1158 (rejecting argument that parking officers acted under color of state law when they gave allegedly false information to police, who arrested and charged the plaintiff after

3

an independent investigation).

The Court has carefully reviewed the amended complaint, liberally construing it and taking all well-pleaded facts alleged therein as true. Even doing so, the Court finds that the amended complaint, like the initial complaint, fails to state a plausible claim on which relief could be granted because neither of the named Defendants acted under color of state law. Because Plaintiff has already been given a chance to cure this deficiency and has not done so, the Court declines to afford Plaintiff an additional opportunity to amend. This matter will be dismissed.

**IT IS THEREFORE ORDERED** that this matter is dismissed with prejudice for failure to state a claim on which relief can be granted.

**IT IS SO ORDERED.**

DATED:  This 16th day of January, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
